ENTERED
08/20/2020

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| VALARIS PLC, *et al.*,[1] | ) | Case No. 20-34114 (MI) |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket No. 10** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Interim Order"), (a) authorizing, but not directing, the Debtors to (i) pay prepetition wages, salaries, other compensation, and reimbursable expenses, and (ii) continue employee benefits programs in the ordinary course of business, including payment of certain prepetition obligations related thereto, (b) granting related relief, and (c) scheduling a final hearing to consider approval of the Motion on a final basis; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at http://cases.stretto.com/Valaris. The location of Debtor Ensco Incorporated's principal place of business and the Debtors' service address in these chapter 11 cases is 5847 San Felipe Street, Suite 3300, Houston, Texas 77057.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The final hearing (the "Final Hearing") on the Motion shall be held on September 17, 2020 at 9:30 a.m., prevailing Central Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Central Time, on September 14, 2020. In the event no objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the Final Hearing.

2. The Debtors are authorized, but not directed, to continue the Employee Compensation and Benefits postpetition in the ordinary course of business, in accordance with the Debtors' prepetition policies and practices, and, in the Debtors' discretion, on an interim basis, to pay and honor prepetition amounts related thereto; *provided* that, pending entry of the Final Order, the Debtors shall not honor any Employee Compensation and Benefits obligations that exceed the priority amounts set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code.

3. The Debtors are authorized, but not directed, in their discretion to continue the Retiree Health Coverage Plans, including the HRA, and to remit, pay and honor any amounts related thereto in the ordinary course of business and consistent with past practices.

4. Pursuant to section 362(d) of the Bankruptcy Code: (a) current Employees are authorized to proceed with their workers' compensation claims in the appropriate judicial or administrative forum under the Workers' Compensation Programs as well as any Maintenance and Cure Claims and the Debtors are authorized to pay all prepetition amounts relating thereto in the ordinary course of business and (b) the notice requirements pursuant to Bankruptcy Rule 4001(d) with respect to clause (a) are waived. For the avoidance of doubt, this modification of the automatic stay pertains solely to claims under the Workers' Compensation Program and the Maintenance and Cure Claims asserted by Employees employed as of the Petition Date.

5. The Debtors shall provide five (5) days' advance notice to the U.S. Trustee, counsel to the Bondholder Group and the DIP Lenders, the RCF Agent, and any statutory committee appointed in these chapter 11 cases of any material changes or modifications to the Employee Compensation and Benefits and any new employee compensation or benefit plans or programs.

6. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Interim Order or any payment made pursuant to this Interim Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

7. Nothing in the Motion or this Interim Order shall impair the ability of the Debtors to contest the validity or amount of any payment made pursuant to this Interim Order.

8. Nothing herein shall be deemed to authorize the payment of any amounts which violate or implicate section 503(c) of the Bankruptcy Code, including any bonus, incentive,

retention, or severance payments to any "insider" as defined in section 101(31) of the Bankruptcy Code, provided that nothing herein shall prejudice the Debtors' ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code at a later time by separate motion.

9. Notwithstanding the relief granted herein or any action taken hereunder, nothing contained in this Interim Order shall create any rights in favor of, or enhance the status of any claim held by, any Employee, Independent Contractor, or other person or entity.

10. The banks and financial institutions on which checks were drawn or electronic fund transfer requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic fund transfer requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

11. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of

the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens

12. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Employee Compensation and Benefits.

13. Notwithstanding anything to the contrary contained in the Motion or this Interim Order, any payment to be made or obligation, relief or authorization granted hereunder shall not be inconsistent with, and shall be subject to, the requirements imposed on the Debtors under the terms of any interim or final orders entered by the Court in these chapter 11 cases approving any postpetition financing, and any budget in connection therewith. To the extent there is any conflict between this Interim Order and any such financing orders or budget, the financing orders or the budget, as applicable, shall govern.

14. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

15. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

16. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

17. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

SIGNED 08/20/2020

Marvin Isgur
United States Bankruptcy Judge