ENTERED
09/22/2020

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| VALARIS PLC, *et al.*,[1] | ) Case No. 20-34114 (MI) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: Docket No. 10** |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Final Order"), (a) authorizing, but not directing, the Debtors to (i) pay prepetition wages, salaries, other compensation, and reimbursable expenses, and (ii) continue employee benefits programs in the ordinary course of business, including payment of certain prepetition obligations related thereto, and (b) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to

1 A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at http://cases.stretto.com/Valaris. The location of Debtor Ensco Incorporated's principal place of business and the Debtors' service address in these chapter 11 cases is 5847 San Felipe Street, Suite 3300, Houston, Texas 77057.

2 Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. Subject to the terms of this Final Order, the Debtors are authorized, but not directed, to continue the Employee Compensation and Benefits[3] postpetition in the ordinary course of business, in accordance with the Debtors' prepetition policies and practices, and, in the Debtors' reasonable discretion, to pay and honor prepetition amounts related thereto, including, but not limited to, the Insurance Obligations; *provided* that the Debtors shall not make any payments on account of the Non-Insider Onshore Incentive and Retention Plans approved by the board of Valaris plc in or after May 2020 pursuant to this Final Order; *provided*, *further* that entry of this Final Order shall be without prejudice to the Debtors' right to seek further relief from the Court regarding such Non-Insider Onshore Incentive and Retention Plans. Before honoring any prepetition Employee Compensation and Benefits obligations that are subject to and exceed the priority amounts set forth in sections 507(a)(4) and (a)(5) of the Bankruptcy Code for any

[3] For the avoidance of doubt, "Employee Compensation and Benefits" shall include the Workers' Compensation Programs, which itself shall include all workers' compensation insurance policies issued or providing coverage at any time to the Debtors or their predecessors, whether expired, current, or prospective, and any agreements related thereto.

Employees and Independent Contractors, the Debtors shall provide reasonable advance notice to the U.S. Trustee, the Official Committee of Unsecured Creditors (the "Committee"), counsel to the Bondholder Group and DIP Lenders, the RCF Agent, and any other statutory committee appointed in these chapter 11 cases of (a) the title of the claimant, (b) the amount of the payment to such claimant, and (c) the proposed payment date.

2. The Debtors are authorized, but not directed, in their reasonable discretion to continue the Retiree Health Coverage Plans, including the HRA, and to remit, pay and honor any amounts related thereto in the ordinary course of business and consistent with past practices.

3. Subject to the terms of this Final Order, the Debtors are authorized, but not directed, in their reasonable discretion to continue the Incentive Plans (other than the Non-Insider Onshore Incentive and Retention Plans approved by the board of Valaris plc in or after May 2020), the Non-Insider Severance Programs, and the Supplemental Retirement Plans (including the DB SERP and the DC SERP) and to pay and honor any amounts related thereto in the ordinary course of business and consistent with past practices; *provided* that the Debtors shall not, absent further order of the Court, pay any amounts to any insider (as that term is defined in section 101(31) of the Bankruptcy Code) on account of the Incentive Plans, the Non-Insider Severance Programs, and the Supplemental Retirement Plans. Before making any payments on account of the Incentive Plans, Non-Insider Severance Programs, or Supplemental Retirement Plans in excess of (y) $100,000 in the aggregate in any calendar month or (z) $50,000 to any individual, the Debtors shall provide five (5) days' advance notice to the U.S. Trustee, the advisors to the Committee, counsel to the Bondholder Group and the DIP Lenders, the RCF Agent, and any other statutory committee appointed in these chapter 11 cases of (a) the name of the claimant; (b) the amount of the payment to such claimant; (c) the total amount paid to the claimant since the Petition Date; (d) the category

of claimant, as further described and classified in the Motion; (e) the purpose of the payment; and (f) the proposed payment date.

4. The Debtors shall maintain a matrix or schedule of amounts paid related to the Incentive Plans, Non-Insider Severance Programs, and Supplemental Retirement Plans subject to the terms and conditions of this Final Order, including the following information: (a) the name of the claimant paid; (b) the amount of the payment to such claimant; (c) the total amount paid to the claimant since the Petition Date; (d) the category of claimant; (e) the payment date; and (f) the purpose of such payment. The Debtors shall provide a copy of such matrix or schedule to the U.S. Trustee, the advisors to the Committee, counsel to the Bondholder Group and the DIP Lenders, the RCF Agent, and any other statutory committee appointed in these chapter 11 cases every 30 days beginning upon entry of this Final Order.

5. For the avoidance of doubt, the Debtors are authorized to continue the Supplemental Retirement Plans (including the DB SERP and the DC SERP) postpetition in the ordinary course of business, to remit all Supplemental Retirement Plan amounts collected in the ordinary course of business, and to access the funds in the rabbi trust, and/or direct T. Rowe with respect thereto, for purposes of honoring their obligations under the DC SERP in the ordinary course of business, with T. Rowe hereby ordered to release the funds in the rabbi trust for such purpose. Further, the Debtors are authorized to continue the Retiree Health Coverage Plans and the HRA postpetition in the ordinary course of business, with Willis Towers Watson (BIA Benefits), Blue Cross Blue Shield of Texas, and Cigna ordered to continue to administer the Retiree Health Coverage Plans and the HRA.

6. The automatic stay under section 362(a) of the Bankruptcy Code, if and to the extent applicable, is hereby lifted to permit: (a) former and current Employees to proceed with

their workers' compensation claims, whether arising prior to or subsequent to the Petition Date, in the appropriate judicial or administrative forum under the Workers' Compensation Programs, as well as any Maintenance and Cure Claims, and the Debtors are authorized to pay all prepetition amounts relating to the foregoing in the ordinary course of business; (b) Insurance Providers[4] to handle, administer, defend, settle, and/or pay workers' compensation claims and direct action claims; and (c) any Insurance Providers providing coverage for or handling any workers' compensation claims or direct action claims to draw on any and all collateral provided by or on behalf of the Debtors therefor without further order of the Bankruptcy Court if and when the Debtors fail to pay and/or reimburse any Insurance Providers for any amounts in relation thereto. The notice requirements pursuant to Bankruptcy Rule 4001(d) with respect to clause (a) are waived. For the avoidance of doubt, this modification of the automatic stay pertains solely to claims under the Workers' Compensation Programs and Maintenance and Cure Claims, and any such claims must be pursued in accordance with the applicable Workers' Compensation Program, including with regard to any policy limits or caps, and direct action claims.

7. Nothing herein alters or amends (a) the terms and conditions of the Workers' Compensation Programs or (b) the right, if any, of any Insurance Provider to draw on and apply any collateral to the obligations, if any, under the Workers' Compensation Programs to the extent that the Debtors fail to reimburse the Insurance Provider therefor.

8. The Debtors shall provide five (5) days' advance notice to the U.S. Trustee, the Committee, counsel to the Bondholder Group and the DIP Lenders, the RCF Agent, and any other statutory committee appointed in these chapter 11 cases of any material changes or modifications

[4] For the avoidance of doubt, "Insurance Providers" shall include all insurance carriers and third party administrators that issued or entered into any insurance policies included in the Workers' Compensation Programs or any agreements related to such policies.

to the Employee Compensation and Benefits and any new employee compensation or benefit plans or programs.

9. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Final Order or any payment made pursuant to this Final Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

10. Nothing in the Motion or this Final Order shall impair the ability of the Debtors to contest the validity or amount of any payment made pursuant to this Final Order.

11. Nothing herein shall be deemed to authorize the payment of any amounts which violate or implicate section 503(c) of the Bankruptcy Code, including any bonus, incentive, retention (including payments under any Supplemental Retirement Plans), or severance payments to any "insider" as defined in section 101(31) of the Bankruptcy Code, provided that nothing herein shall prejudice the Debtors' ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code at a later time by separate motion.

12. Notwithstanding the relief granted herein or any action taken hereunder, nothing contained in this Final Order shall create any rights in favor of, or enhance the status of any claim held by, any Employee, Independent Contractor, or other person or entity.

13. The banks and financial institutions on which checks were drawn or electronic fund transfer requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic fund transfer requests when presented for payment, and all such banks and financial institutions are authorized to rely on the

Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

14. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the rights of the Debtors or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the rights of the Debtors, or any other party in interest, under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens

15. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Employee Compensation and Benefits.

16. Notwithstanding anything to the contrary contained in the Motion or this Final Order, any payment to be made or obligation, relief or authorization granted hereunder shall not be inconsistent with, and shall be subject to, the requirements imposed on the Debtors under the terms of any interim or final orders entered by the Court in these chapter 11 cases approving any postpetition financing, and any budget in connection therewith. To the extent there is any conflict between this Final Order and any such financing orders or budget, the financing orders or the budget, as applicable, shall govern.

17. For the avoidance of doubt, the rights of the Committee (a) to seek reasonable additional disclosures in consultation with the Debtors and (b) to challenge, after obtaining requisite standing, any payment made outside the scope of the Interim Order or this Final order by the Debtors, respectively, are expressly reserved and shall not be prejudiced by entry of the Interim Order or this Final Order. Furthermore, nothing herein shall be deemed to authorize (i) the treatment of claims under any proposed plan of reorganization of the Debtors or (ii) the Debtors to accelerate obligations related to Employee Compensation and Benefits or otherwise prepay amounts owed in connection with Employee Compensation and Benefits (other than as consistent with prepetition practice in the Debtors' ordinary course of business).

18. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

19. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

20. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

21. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Signed: September 22, 2020

Marvin Isgur
United States Bankruptcy Judge