## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| VALARIS, PLC, ET AL | ) | Case No. 20-34114 (MI) |
| Debtors | ) | (Jointly Administered) |

### Buckey Stewart's Motion to Lift Stay

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

Buckey Stewart ("Mr. Stewart"), an individual with pending Jones Act litigation against certain of the debtors in this bankruptcy case, files this Motion for Relief from the Automatic Stay (the "Motion") so that the litigation can proceed through discovery and to judgment.

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). Venue is appropriate in this

District pursuant to 28 U.S.C. § 1409(a). The statutory predicate for the relief sought herein

is Section 362(d)(1) of Title 11 of the United States Code (the "Bankruptcy Code").

## Background

2. Buckey Stewart is an individual resident of Alabama. Mr. Stewart injured his back

while working as a crane operator aboard the *Rowan Renaissance* which was owned and

operated by Rowan Companies, Inc (or "Rowan").

3. On June 11, 2018, Mr. Stewart filed a lawsuit in Harris County, Texas against

Rowan Companies, Inc. asserting that his back injury was due to Rowan's negligence, the

unseaworthiness of the vessel, and making claims for maintenance and cure.

4. Rowan Companies, Inc. (which merged with other entities on April 11, 2019 and

was renamed to Valaris plc on July 30, 2019) is a debtor in the above-captioned bankruptcy.

5. The lawsuit was scheduled for jury trial on May 18, 2020 but was cancelled due to

COVID-related court closures. The lawsuit was set to be reinstated on the docket once court

resumed. However, the case was stayed when Valaris filed the above-captioned bankruptcy

case on August 19, 2020.

6. Mr. Stewart seeks relief from the automatic stay in order to continue his lawsuit in

Harris County, proceed to judgment, and liquidate his claims.

## Argument

7. Section 362(d)(1) of the Bankruptcy Code provides that, upon a request from a

party in interest, the court shall grant relief from the automatic stay "for cause." "Cause" is

determined on a case-by-case basis based on an examination of the totality of the circumstances.[1] "There is no mandatory standard for finding 'cause' in the Fifth Circuit."[2]

8. The factors for "cause" include: "good or bad faith of the debtor, injury to the debtor and other creditors if the stay is modified, injury to the movant if the stay is not modified, and the proportionality of the harms from modifying or continuing the stay."[3]

9. With respect to personal injury suits in particular, courts in the Fifth Circuit have determined that cause exists to lift the automatic stay in order to permit these suits to proceed outside of bankruptcy court.[4] Courts in the Fifth Circuit have also lifted automatic stays so that Jones Act claimants can pursue their suits outside of bankruptcy court.[5]

10. Mr. Stewart's lawsuit against Rowan is a Jones Act suit asserting that Rowan's negligence resulted in Mr. Stewart's injured back. Because it is a Jones Act suit, it cannot be adjudicated in bankruptcy court.[6] Therefore, following *Parker*, *Fowler*, *Flores*, and *Havard* there

---

[1] *Reitnauer v. Texas Exotic Feline Found. (In re Reitnauer)*, 152 F.3d 341, 343 n. 4 (5th Cir. 1998).

[2] *In re Choice ATM Enters., Case No. 14-44982- DML*, 2015 Bankr. LEXIS 689 at *12 (Bankr. N.D. Tex. Mar. 4, 2015) (*citing Bonneville Power Admin. v. Mirant Corp.* (In re Mirant Corp.), 440 F.3d 238, 253 (5th Cir. 2006)).

[3] *In re Mosher*, 578 B.R. 765, 772-73 (Bankr. S.D. Tex. 2017) (*quoting In re Bovino*, 496 B.R. 492, 502 (Bankr. N.D. Ill. 2013) and *In re Xenon Anesthesia of Texas, PLLC,* 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014)).

[4] *E.g. Parker v. Miller (In re Miller)*, 589 B.R. 550, 563 (Bankr. S.D. Miss. 2018); *In re Fowler*, 259 B.R. 856, 861 (Bankr. E.D. Tex. 2001) ("This Court, like all bankruptcy courts, routinely lifts the stay to allow tort suits to go forward in state court to determine the liability, if any, of the Debtor.")

[5] *See e.g. Flores v. Bodden,* No. G-07-088, 2010 U.S. Dist. LEXIS 148585, at *3 (S.D. Tex. 2010); *Havard v. Offshore Specialty Fabricators, LLC,* No. 14-824, 2019 U.S. Dist. LEXIS 230632, at *4 (E.D. La. 2019).

[6] 28 U.S.C. § 157(b)(5).

is cause to lift the automatic stay to allow the suit to proceed in its current forum. Otherwise, as noted by the *Fowler* court, Mr. Stewart may be left with no remedy in any court.

11. If the Court does not allow the Jones Act suit to proceed there is no adequate alternative forum to proceed. The "Savings to Suitors" clause of 28 U.S. Code §1333 provides Jones Act seamen choice of forum. Forcing Mr. Stewart to proceed in an alternative court would violate the Jones Act and remove Mr. Stewart's right to pursue litigation in state court. Although the parties are not yet ready for trial in the suit, discovery is largely completed, expert depositions are being scheduled, and a motion for summary judgment has been filed. For this reason, lifting the automatic stay would promote judicial economy and the expeditious, economical, and complete resolution of the litigation.

12. If the Court does not permit the lawsuit to proceed in Harris County, Mr. Stewart will not have any other adequate remedy. In that case, the harm to Mr. Stewart from continuing the stay would far outweigh the harm to Rowan and other creditors from lifting the stay.

## Conclusion

For the reasons stated above, Mr. Stewart asks the Court to modify the automatic stay imposed by Section 362(a) of the Bankruptcy Code so that Mr. Stewart may (1) proceed with the Jones Act suit against Rowan; (2) take such action as may be necessary and appropriate to recover on any judgment obtained; and (3) liquidate and maintain his claim

against the bankruptcy estate in order to pay his claim in full. Mr. Stewart further asks the

Court to grant him such other and further relief to which he is entitled.

Respectfully submitted,

**VB Attorneys**

*/s/ Vuk Vujasinvic*

_____
Vuk Vujasinovic
SBN 00794800
Vuk@vbattorneys.com
Brian Beckcom
State Bar No. 24012268
Brian@vbattoneys.com
6363 Woodway Drive, Suite 400
Houston, Texas 77057
713-224-7800
713-224-7801 Facsimile
**Attorneys for Buckey Stewart**

**Certificate of Service**

A true and correct copy of the foregoing was forwarded to all counsel of record on
this 3rd day of November 2020.

*/s/ Brian Beckcom*

_____
Brian Beckcom