UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| VALARIS PLC, *et al.*,[1] | ) Case No. 20-34114 (MI) |
| Debtors. | ) (Jointly Administered) |

**JOINT STIPULATION AND AGREED ORDER BETWEEN THE DEBTORS
AND CHRISTOPHER OGDEN FOR LIMITED RELIEF FROM THE AUTOMATIC STAY**

This stipulation and agreed order (this "Stipulation") is made this 21st day of January, 2021 by each of the above-captioned debtors and debtors in possession (collectively, the "Debtors") and Christopher Ogden ("Ogden," and together with the Debtors, the "Parties").

**Recitals**

WHEREAS, Ogden intends to file a lawsuit alleging various personal injury causes of action against certain of the Debtors in the District Courts of Harris County, Texas (the "Litigation");

WHEREAS, the Debtors are the beneficiaries of insurance policies (the "Policies") that may cover damages awarded against the Debtors in the Litigation;

WHEREAS, on August 19, 2020 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§101–1330

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://cases.stretto.com/Valaris. The location of Debtor Ensco Incorporated's principal place of business and the Debtors' service address in these chapter 11 cases is 5847 San Felipe Street, Suite 3300, Houston, Texas 77057.

(the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of Texas (the "Court");

WHEREAS, the Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, Ogden holds an unliquidated, contingent claim against certain of the Debtors (the "Claim");

WHEREAS, upon the filing of the Debtors' chapter 11 petitions, the automatic stay of section 362 of the Bankruptcy Code came into effect, staying certain actions against the Debtors, including the institution of the Litigation;

WHEREAS, the Debtors have determined that it is in the best interests of their estates and their creditors that the Debtors stipulate to grant Ogden relief from the automatic stay of section 362(a) of the Bankruptcy Code to liquidate his Claim and pursue recovery from insurance proceeds on the terms and conditions of this Stipulation.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION, IT IS SO ORDERED AS FOLLOWS:

1. Upon execution and Court approval of this Stipulation, the automatic stay shall be lifted to allow Ogden to pursue the Litigation against the Debtors solely to the extent expressly provided herein.

2. During the pendency of these chapter 11 cases, the stay is lifted to allow Ogden to: (a) institute and pursue the Litigation to liquidate his Claim and (b) seek to recover from the Debtors, by way of a settlement or judgment in the Litigation, the proceeds of the Debtors' insurance policies without further approval of the Court. Ogden shall take no action to collect amounts awarded in any judgment or settled in excess of available insurance proceeds from the

Debtors or their estates without further order from this Court; *provided* that without further order from this Court, Ogden shall be able to pursue recovery of any amounts awarded in a judgment in the Litigation, or settled in excess of available insurance proceeds, from the Debtors or their estates as a general unsecured claim subject to treatment under the terms of any confirmed chapter 11 plan or chapter 7 liquidation plan. Nothing herein shall prejudice Ogden's rights to seek additional relief from the Court, including, but not limited to, further stay relief, approval of a settlement agreement, or approval/collection of any judgment regarding the Claim.

3. The modification of the automatic stay as set forth herein shall have no effect as to parties that are not a Party to this Stipulation, and the automatic stay shall remain in full force and effect with respect to such parties and their claims or causes of action, if any, against the Debtors or their estates.

4. Nothing in this Stipulation is intended to, or shall be construed to, waive any defenses, setoffs, objections, counterclaims, or coverage defenses that the Debtors or the Debtors' applicable insurance carriers or their representatives may have with respect to the Litigation.

5. Nothing in this Stipulation or the relief sought herein shall constitute or be deemed: (a) an allowance of administrative expense claims under section 503(b) of the Bankruptcy Code; (b) an assumption or rejection of an executory contract or unexpired lease under section 365 of the Bankruptcy Code; or (c) a waiver of any of the Debtors' rights to dispute claims asserted against any Debtor in these chapter 11 cases.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Stipulation.

7. This Stipulation may be signed in counterparts and signatures may be delivered by fax or email, each of which shall be deemed an original, but all of which together shall constitute

one and the same instrument. Each person who executes this Stipulation on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation on behalf of such Party.

8. This Stipulation constitutes the entire agreement between the Parties in respect of the subject matter hereof and shall not be modified, altered, amended, or vacated without the prior written consent of all Parties hereto. No statement made or action taken in the negotiation of this Stipulation may be used by any party for any purpose whatsoever.

9. Each Party represents and warrants to the other Party that it: (a) made this Stipulation freely and voluntarily and with full knowledge of its significance; and (b) has been represented by counsel of its own choice in the negotiations preceding the execution of this Stipulation and in connection with the preparation and execution of this Stipulation.

10. Notwithstanding the possible applicability of Bankruptcy Rule 6004, 7062, and 9014, or otherwise, the terms and conditions of this Stipulation are immediately effective and enforceable upon its entry.

11. The Court shall retain exclusive jurisdiction to hear any matters or disputes arising from or relating to this Stipulation. Any request for relief brought before the Court to resolve a dispute arising from or related to this Stipulation, and the matters agreed to herein, shall be brought on proper notice and in accordance with the relevant Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of Texas.

**IN WITNESS WHEREOF,** the Parties, by their authorized counsel, executed this Stipulation and Agreed Order as of the date written below.

So Ordered:
Houston, Texas
Dated: _____

          MARVIN ISGUR
          UNITED STATES BANKRUPTCY JUDGE

Acknowledged and Agreed By:
January 21, 2021

/s/ *Matthew D. Cavenaugh*

| | |
|---|---|
| **JACKSON WALKER L.L.P** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Kristhy M. Peguero (TX Bar No. 24102776) | Anup Sathy, P.C. (admitted *pro hac vice*) |
| Genevieve Graham (TX Bar No. 24085340) | Ross M. Kwasteniet, P.C. (admitted *pro hac vice*) |
| 1401 McKinney Street, Suite 1900 | Spencer A. Winters (admitted *pro hac vice*) |
| Houston, Texas 77010 | 300 North LaSalle Street |
| Telephone: (713) 752-4200 | Chicago, Illinois 60654 |
| Facsimile: (713) 752-4221 | Telephone: (312) 862-2000 |
| Email: mcavenaugh@jw.com | Facsimile: (312) 862-2200 |
| kpeguero@jw.com | Email: asathy@kirkland.com |
| ggraham@jw.com | rkwasteniet@kirkland.com |
| | spencer.winters@kirkland.com |
| *Co-Counsel to the Debtors* | *Co-Counsel to the Debtors* |
| *and Debtors in Possession* | *and Debtors in Possession* |

/s/ *Jeffrey G. Tinkham*

**MARTIN, DISIERE, JEFFERSON & WISDOM, LLP**
Jeffrey G. Tinkham, Of Counsel
Texas Bar No. 20056300
S. D. Tex. 4725
808 Travis Street, Suite 1100
Houston, Texas 77002
Telephone: (713) 854-4403
Facsimile: (713) 222-0101
Email: tinkham@mdjwlaw.com

*Counsel for Christopher Ogden*